# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. THREADGILL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:08CV0026-SNL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody" is before the Court. The Government has responded in opposition.

## Background

Movant was one of eight persons indicted for a variety of illegal substance violations. Movant was charged in Count I and Count VI of a multi-count indictment. Movant entered a plea of guilty to Count VI of the indictment, and Count I was dismissed at the time of sentencing pursuant to the plea agreement.

Movant ordinarily would have qualified for a two-level downward departure, pursuant to the Safety Valve Provisions, except that in cases like this, the Sentencing Commission did not consider that possibility. Accordingly, in this case as is done in similar cases, movant's counsel requested a two level downward departure pursuant to § 5K2. Counsel for the Movant also requested a further two level downward departure because of the Movant's mitigating role pursuant to § 3B1.2(b)..

As a result of the efforts of counsel for Movant, the Court granted the motion for downward departure pursuant to § 5K2 but denied the § 3B1.2 request, which resulted in a total offense level of 27. The range of punishment under the Advisory Sentencing Guidelines was 70 to 87 months imprisonment, and the Court sentenced Movant to 70 months custody of the Bureau of Prisons. The sentence was not appealed.

## Discussion

**Ground One**: While it is difficult to understand Movant's assertion, apparently she feels that her sentence was based upon facts not agreed to in her plea agreement. Accordingly, she alleges a Fifth and Sixth Constitutional Amendment violation. This argument is without merit as in the agreement Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding except pursuant to 28 U.S.C. § 2255 which would involve a claim of prosecutorial misconduct or ineffective assistance of counsel. There is no showing in Movant's claim that her counsel or the prosecution in any way breached Movant's Fifth and Sixth Constitutional Amendment rights.

There was a stipulation of facts set out in the plea agreement. During the plea colloquy, the Court inquired if those facts were correct, and Movant agreed that they were. The Court used those facts, and only those facts, for the purpose of calculating the range of punishment set out by the Advisory Sentencing Guidelines. In fact, the total offense level was ultimately computed after Movant's counsel had obtained relief pursuant to § 5K2.

Movant may not rely on bald, general allegations of wrongdoing to support her position. She must allege specific facts supporting constitutional violations and she has failed to do so .

**Ground Two**: Movant alleges here that "Counsel was ineffective for failing to follow through, arguing at time of sentencing on Blakeley issues and the request for a minor role downward departure which was promised to Threadgill."

## Standard of Review

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel.

Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The standard has been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.)."

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.2d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. United States, 208 F. 3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998). United States v. Villalobos, 2004 WL 2202666 (N.D. Ia.), United States v. Trotter, 2002 WL 827416 (D.Neb.), United States v. Knakmuhs, 2000 WL 34031866 (N.D. Ia.). See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005).

This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998), Matthews, 114 F.3d at 113). A defendant may surmount this procedural default only if the defendant "can show both (1) cause that excuses the default and (2) actual prejudice

from the errors asserted." Matthews, 114 F.3d at 113.

Again, the factual situation does not support Movant's allegation. Throughout the proceeding, counsel for Movant requested a two level downward departure because of Movant's minor role, and under § 5K2 and the request was granted as to § 5K2, and such downward adjustment was, in fact, given by this Court to Movant in the calculation of the total offense level. There is nothing in the record to show that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. In fact, had the Court not granted counsel's request for the downward adjustment, the range of punishment would have been greater than the one actually determined by the Court to be accurate.

**Ground Three**: In this ground, Movant asserts that the Court would have imposed a different sentence more favorable to Movant had it been fully aware of the post-Booker sentencing regime allowing judges to sentence below the Guidelines. The Court assumes Movant believes her counsel was ineffective for failing to urge this position.

The record reveals that Movant's counsel filed a written request for downward departure, and a sentencing memorandum. As previously set out, counsel requested a two level downward departure under § 5K2 because of the safety valve situation, and also requested a downward departure because of Movant's role in the offense. Counsel also requested a sentence outside the Guideline range pursuant to 18 U.S.C. § 3553(a). This argument involved what Movant asserted was a "post-Booker sentencing regime." In fact, the record reveals, as well as the Court's memory, that counsel for Movant did everything that was available to him and more in order to obtain the most favorable sentence available to Movant. There is nothing in the record to show that but for counsel's alleged errors, Movant would not have pleaded guilty and would have insisted on going to trial.

### Request for a Hearing

The law is well settled that a hearing is not required if the claim is inadequate on its face, or if the record affirmatively refutes the factual assertion upon which it is based. Watson v. U.S., 493 F.3d 960, 963 (8th Cir. 2007). The Court finds here that the record affirmatively refutes the factual assertions upon which the claim is based, and accordingly no hearing is required.

Dated this  30th  day of May, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE